Case 4:25-cv-01139   Document 16   Filed on 04/07/25 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
April 07, 2025
Nathan Ochsner, Clerk

BesUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SUZANNE RAYLENE FIGUEROA,<br>      Plaintiff,<br><br>VS.<br><br>UNITED STATES OF AMERICA, *et al.*,<br>      Defendants. | §<br>§<br>§<br>§      CIVIL ACTION NO. 4:25-CV-01139<br>§<br>§<br>§ |

# ORDER

Pending before the Court is Plaintiff Suzanne Raylene Figueroa's complaint for an emergency Temporary Restraining Order against all Defendants. (Dkt. 1). Considering Plaintiff's motion and the applicable law, the Court **DENIES** the motion.

To be entitled to a Temporary Restraining Order, Plaintiff must satisfy each of the following factors: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) the threatened injury to the movant outweighs the threatened harm to the party sought to be enjoined; and (4) granting the injunctive relief will not disserve the public interest. *City of Dallas v. Delta Air Lines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017). As the Fifth Circuit has repeatedly cautioned, "a preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion on all four requirements.'" *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005).

The Court finds that Plaintiff has failed to demonstrate a substantial likelihood of success on the merits. Plaintiff argues she and her minor children "are being deprived of their constitutional rights by being forced to choose between remaining in their country of birth or maintaining family unity with their husband and stepfather," whose threatened deportation appears to be imminent. (Dkt. 1 at p. 4). She brings claims for "forced, constructive, and/or coerced expatriation and/or exile" in violation of the Fifth and Fourteenth Amendments. (*Id.* at p. 11). However, Plaintiff fails to cite appropriate caselaw, and she does not support her claim with sufficient analysis. *See id.* Accordingly, the Court holds that Plaintiff has failed to demonstrate a substantial likelihood of success on the merits, and Plaintiff's motion (Dkt. 1) is **DENIED**.

SIGNED at Houston, Texas on April 7, 2025.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE